**SIMPSON v. UNITED STATES.**

No. 13020.

United States Court of Appeals
Ninth Circuit.

April 3, 1952.

Warren A. Taylor, William V. Boggess, Fairbanks, Alaska, for appellant.

Everett W. Hepp, U. S. Atty., Hubert A. Gilbert, Asst. U. S. Atty., Fourth Judicial Division, Territory of Alaska, Fairbanks, Alaska, for appellee.

Before MATHEWS, ORR and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

An information was filed against appellant, Leona Simpson, under §§ 2 and 20 of the Alaska Uniform Narcotic Drug Act,[1] A.C.L.A.1949,[2] §§ 40–3–2 and 40–3–20. Section 2 of the Act, A.C.L.A.1949, § 40–3–2, provides: "It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug,[3] except as authorized in this Act."[4] Section 20 of the Act, A.C.L.A.1949, § 40–3–20, provides: "Any person violating any provision of this Act shall upon first conviction be punished, for the first offense, by a fine not exceeding Five Thousand ($5,000.00) Dollars, or by imprisonment in the penitentiary not exceeding five years, or by both such fine and imprisonment, and for any subsequent offense, by fine not exceeding Ten Thousand ($10,000.00) Dollars, or by imprisonment in the penitentiary not less than two years nor more than ten years, or by both such fine and imprisonment."

The information charged that on February 10, 1951, in Fairbanks Precinct, Fourth Judicial Division, Territory of Alaska, appellant "feloniously possessed and had under her control a narcotic drug, to-wit, heroin."[5] Appellant, after being advised of the nature of the charge and of her rights, waived in open court prosecution by indictment,[6] was arraigned, pleaded not guilty and was tried and found not guilty of the crime charged and guilty of an attempt to commit the crime charged. Thereupon a judgment was entered, sentencing appellant to be imprisoned for two years. This appeal is from that judgment.

The evidence[7] showed the following facts: A package containing approximately 358 grains of heroin was sent by air from Seattle, Washington, to Fairbanks, Alaska, addressed to Juanita Pearson as consignee. The package arrived at the cargo office of Pan American Airways at

1. The Alaska Uniform Narcotic Drug Act is Chapter 6 of the Session Laws of Alaska, 1943, p. 47.

2. Alaska Compiled Laws Annotated, 1949.

3. Section 1 of the Act, A.C.L.A.1949, § 40–3–1, defines "narcotic drugs" as including opium and defines "opium" as including heroin.

4. Section 18 of the Act, A.C.L.A.1949, § 40–3–18, provides: "In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement * * * of this Act, it shall not be necessary to negative any exception, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant."

5. See footnote 3.

6. See Rule 7(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

7. The evidence consisted of four exhibits introduced by the Government and the testimony of six Government witnesses. No evidence was offered by appellant.

Fairbanks on February 7, 1951. On February 9, 1951, Power G. Greer, a United States Treasury agent, went to the cargo office and there examined and took possession of the package and its contents. On February 10, 1951, appellant telephoned a taxicab company for a cab, and the company sent a cab and driver, James R. Brazell, to appellant's home in Fairbanks. There appellant gave Brazell a note (a handwritten letter) signed "Juanita Pearson," which purported to authorize delivery of the package to Brazell. Appellant directed Brazell to take the note to the cargo office, get the package and bring it to her. Brazell took the note to the cargo office, presented it to Jerry Barnes, a cargo office employee, and asked for the package. Barnes thereupon gave the note to Greer, who was in an adjoining room with Theodore R. McRoberts, United States Marshal for Alaska. Greer, McRoberts and Brazell then proceeded to appellant's home, Greer taking the note and the package with him. At appellant's home, Greer showed her the note and the package. Thereupon, in the presence of McRoberts and Brazell, appellant told Greer that she had written the note and had given it to Brazell, but that the package was not hers, and that she was getting it for someone else. Greer then asked her for whom she was getting it. To this she made no answer.

█ The note was not produced at the trial or offered in evidence. The fact that it was hand-written and signed "Juanita Pearson" and purported to authorize delivery of the package to Brazell was shown by oral testimony—that of Greer and Barnes. Appellant contends that such testimony was inadmissible, not being the best evidence. There is no merit in this contention. It was shown by testimony of Greer and McRoberts that the note had been lost and, despite diligent search therefor, had not been found and hence could not be produced at the trial. Hence oral testimony was admissible to show the character and contents of the note.

█ There was no substantial evidence that appellant committed the crime charged in the information. There was substantial evidence that she attempted to commit the crime charged and, in the attempt, did certain acts [8] toward the commission thereof, but failed, or was prevented or intercepted in the perpetration thereof. However, the attempt was not expressly charged. Therefore appellant contends that the jury could not lawfully find her guilty of the attempt. There is no merit in this contention. The attempt was an offense punishable under § 192 of the Alaska Criminal Code, A.C.L.A.1949, § 65–2–5,[9] no other provision having been made for its punishment. Hence the jury could, as it did, find appellant guilty of the attempt, despite the fact that the attempt was not expressly charged.[10]

█ Appellant points out that the crime charged was not a crime defined by the Alaska Criminal Code, but was a crime defined by § 2 of the Alaska Uniform

8. Writing the note, giving it to Brazell and directing him to take it to the cargo office, get the package containing the heroin and bring it to appellant.

9. The Alaska Criminal Code is Title I of the Act of March 3, 1899, c. 429, 30 Stat. 1253. Section 192 of the Code, A.C.L.A. 1949, § 65–2–5, provides: "That if any person attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, such person, when no other provision is made by law for the punishment of such attempt, upon conviction thereof, shall be punished as follows:

"First. If the crime so attempted be punishable by imprisonment in the penitentiary or county jail, the punishment for the attempt shall be like imprisonment, as the case may be, for a term not more than half the longest period prescribed as a punishment for such crime.

"Second. If the crime so attempted be punishable by fine, the punishment for the attempt shall be by fine not more than half the amount of the largest fine prescribed as a punishment for such crime."

10. See Rule 31(c) of the Federal Rules of Criminal Procedure.

724

Narcotic Drug Act, A.C.L.A.1949, § 40-3-2. She therefore contends that § 192 of the Alaska Criminal Code, A.C.L.A.1949, § 65-2-5, was inapplicable. There is no merit in this contention. By its own terms, § 192 of the Alaska Criminal Code is applicable to "any person" who "attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof * * * when no other provision is made by law for the punishment of such attempt."[11] Persons attempting to commit the crime defined by § 2 of the Alaska Uniform Narcotic Drug Act are not exempted or excepted from the provisions of § 192 of the Alaska Criminal Code. Hence § 192 was applicable to appellant.

Judgment affirmed.

Swan, Circuit Judge, dissented.