**UNITED STATES of America,**
**Appellee,**

v.

**Clayton Edward PEPLINSKI, Appellant.**

**No. 72–1477.**

United States Court of Appeals,
Eighth Circuit.

Dec. 21, 1972.

Carlton J. Hunke, Fargo, N. D., filed brief for appellant.

Harold O. Bullis, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

This is a direct appeal from a conviction, entered upon a jury verdict, under 18 U.S.C. § 922(a)(6). We find no merit to any of the allegations of error, and therefore affirm the conviction.

Due to an error on the part of the sales clerk, Peplinski, who had three prior felony convictions at the time, was allowed to purchase a firearm without being asked to fill out a Form 4473. While in the same store a few days later, however, he was asked to and did complete the Form, indicating "no" in response to the question about prior convictions. The date entered by Peplinski on the Form was the date of actual sale.

 Peplinski claims that because he did not fill out the Form 4473 until a few days after the sale, his false statement could not be deemed to have been made "in connection with the acquisition" of the rifle. He would read "acquisition" as being strictly limited to events prior to the sale. We cannot agree. The term "acquisition" plainly encompases all acts that relate to the purchase and sale. The completion of the Form 4473 was required by regulations to the Federal Gun Control Act of 1968. Just because Peplinski voluntarily completed the Form after he had paid his money and taken possession of the firearm makes it none the less "in connection with the acquisition" of that firearm.

██ It is also Peplinski's contention that the trial court erred in one of its instructions to the jury by introducing an irrelevant issue. In addition to an instruction on the definitions of "willfully" and "knowingly," the jury was instructed as follows:

"If you find:

1. That the defendant was shown Form 4473;

2. That he answered the questions under 8(a) through 8(h) in Form 4473;

3. That the defendant had read Form 4473 and was aware of a high probability that he was prohibited from making a false written statement; or

4. That the defendant deliberately avoided reading Form 4473 and that, if he had read it, he would have been aware of a high probability that he was prohibited from making a false written statement

—you may find the defendant acted wilfully and knowingly."

This language states precisely that matter of proof expressed by the court in United States v. Squires, 440 F.2d 859, 864 (2d Cir. 1971), as being required by § 922(a)(6). The fact that the Form 4473 used here has been amended subsequent to the one used in *Squires* to specifically ask if the receiver has "been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" does not obviate the applicability of this type of instruction.

Because Peplinski testified that he did not think he had read the question at issue, this instruction became particularly relevant to the evidence. It, in fact, had the effect of requiring a burden of proof greater than that which would have been required had the instruction not been given; it required that the jury find that Peplinski knew that he was prohibited from making a false statement in addition to actually making one. For these reasons, we find there to have been no error in this instruction.

The remaining allegation of error pertains to the exclusion of certain testimony. We find there to have been no abuse of discretion in the trial court's ruling and therefore no error.

For the foregoing reasons, the conviction is affirmed.