UNITED STATES of America, Plaintiff,

v.

Lani M. BROZYNA, Defendant.

No. CR–75–63.

United States District Court,
W. D. New York.

April 21, 1977.

Richard J. Arcara, U.S. Atty., Buffalo, N.Y. (Kenneth A. Cohen, and Edward J. Wagner, Buffalo, N.Y., of counsel), for the Government.

McDonough, Boasberg, Hamsher, Heller & Ramm, Buffalo, N.Y. (Edward Heller, Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

On March 13, 1975, the grand jury returned a two-count indictment charging the defendant with using a false identification "in connection with the acquisition of a firearm" in violation of 18 U.S.C. §§ 922(a)(6) and 924(a), and with bail jumping in violation of 18 U.S.C. § 3150. Subsequently, the defendant was tried and the jury returned guilty verdicts on each count.

During trial I reserved decision on defendant's motion to dismiss on the first count and, following trial, defendant moved for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or, in the alternative, for a new trial pursuant to Rule 33. In passing on these motions, the evidence must be viewed in the light most favorable to the prosecution.

The pertinent facts may be quickly stated. On August 29, 1974, the defendant entered King's Department Store in Buffalo, New York. After examining a shotgun, she told the clerk that she wanted to purchase it. She showed the clerk a New York State driver's license and two credit cards purportedly identifying her as Mrs. Dorothy Bernys. When the store personnel questioned her use of the charge card to pay for the gun, she left the store without completing the purchase.

Count I of the indictment charges that she willfully furnished false identification "in connection with the acquisition of a firearm." The defendant contends that while the facts developed at trial may indicate an attempted acquisition, they do not show an acquisition, and that therefore the evidence does not support a conviction on the crime charged in the indictment.

§ 922 provides:

(a) It shall be unlawful—

\* \* \* \* \* \*

(6) for any person *in connection with the acquisition or attempted acquisition* of any firearm . . . from a . . licensed dealer . . . , knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification . . : .

(Emphasis added).

Before an indictment was voted in this case, the Government had filed a complaint with the Magistrate charging the defendant with a violation of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 924(a) for using a false identification "in connection with the attempted acquisition of a firearm" from a federal firearms dealer. It is not clear why the Government changed its position and did not charge her with an attempt in the indictment.

The Government argues that since the defendant had taken all steps necessary on her part to complete the sale and that the sale would have been completed had it not been for the action of the store employees in refusing to honor the credit card, the facts were sufficient to show that the defendant had used false identification in connection with the acquisition of this firearm. In addition, the Government argues that since the statute is mainly concerned with the use of false identification in connection with the acquisition of a firearm, it was enough to prove that she had used false identification in this transaction.

■ As to the first argument, the Government's reliance upon contract theory is not persuasive. Until her credit was approved, the defendant had absolutely no right to take the shotgun from the store. That she was permitted to handle it and examine it before the purchase is not enough to conclude that she had acquired the weapon. In *Huddleston v. United States,* 415 U.S. 814 [94 S.Ct. 1262, 39 L.Ed.2d 782] (1974), the Supreme Court had an opportunity to discuss § 922(a)(6). The legislative history of the Gun Control Act of 1968, as the Court explained, provides no

explicit definition of the word "acquisition". 415 U.S., at 826 [94 S.Ct. 1262]. In *Huddleston,* the Supreme Court defined the word "acquire" to mean simply "to come into possession, control, or power of disposal of," citing Webster's New International Dictionary (3d Ed. 1966, unabridged), and held that § 922(a)(6) applies to the redemption of a firearm from a pawnshop. 415 U.S., at 819–823 [94 S.Ct. 1262]. However, the Court admonished against "enshrouding [the term 'acquisition'] with an extra-statutory 'legal title' or 'ownership' analysis" as there is "nothing . . . in the statute that justifies the imposition of that gloss." 415 U.S., at 820 [94 S.Ct., at 1267].

■ There is no question that in *Huddleston,* the Supreme Court indicated a willingness to interpret "acquisition" broadly; however, there is no authority expressed there to construe the word "acquisition" to include "attempted acquisition" which is a separately designated offense. *United States v. Peplinski,* 472 F.2d 84 (8th Cir. 1972), does not support the Government's argument either. In that case the defendant completed a questionnaire a few days after he had paid for and taken possession of a firearm. Even though the questionnaire was prepared a few days later, it was held to be "in connection with the acquisition of" the firearm. However, *Peplinski* does not support the Government's argument that acquisition also includes an attempted acquisition.

■ Next, the prosecutor argues that pursuant to Rule 31(c) of the Federal Rules of Criminal Procedure the defendant may be found guilty of an attempt to commit the offense charged. *See* discussion in 8A MOORE'S FEDERAL PRACTICE, ¶ 31.03, at 31–9 to 31–26 (2d Ed. 1965), and *Simpson v. United States,* 195 F.2d 721 [13 Alaska 635] (9th Cir. 1952). However, in cases like *Simpson,* the question of attempt was submitted to the jury. In this case, the Government insisted that the facts warranted a finding that the defendant was guilty of the offense charged in the indict-

ment. There was no request that the charge of an attempt be submitted to the jury. If the Government had sought such a request, it would have been appropriate under the circumstances. *Berra v. United States,* 351 U.S. 131, 134 [76 S.Ct. 685, 100 L.Ed. 1013] (1956). But it is necessary that the request be made beforehand. *United States v. Whitaker* [144 U.S.App.D.C. 344], 447 F.2d 314, 317 (1971).

Under these circumstances, where the statute clearly defines two crimes, one "in connection with the acquisition" and the other in connection with the "attempted acquisition," it is necessary that the defendant know what position the prosecution is taking so that she may adequately prepare her defense. In this case the Government clearly did not charge an attempt. Perhaps there was an effort to expand the meaning of the verbiage "in connection with the acquisition of." If that is the case, the Government has failed and for that reason the motion for judgment of acquittal on Count I is granted.

The defendant had previously moved for a severance and that motion was denied. Under the circumstances, it appeared to the court that it was not unfair or a violation of the rules to try both counts together. Some evidence admissible on Count II was also appropriate to be heard on Count I. The motion for a new trial on Count II is denied.

So ordered.