**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Teresa Marie LOVATO,
Defendant-Appellant.**

**No. 84–5001.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 1984.

Decided Aug. 16, 1984.

Leon W. Weidman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Joseph F. Walsh, Los Angeles, Cal., for defendant-appellant.

Before ELY, PREGERSON and ALARCON, Circuit Judges.

ELY, Circuit Judge:

In a one-count indictment, Lovato was charged with having aided and abetted one Buentiempo in the robbing of a savings and loan association with the use of a deadly weapon. 18 U.S.C. §§ 2113(a) and 2(a). The robbery occurred on September 13, 1983. Buentiempo, charged as the principal in the same indictment, pleaded guilty to armed robbery. Lovato pleaded not guilty and, in a jury trial, was found guilty of the lesser included offense of aiding and abetting the robbery *without* the use of a dangerous weapon. 18 U.S.C. §§ 2113(a) and 2(a). A judgment of conviction followed the jury's determination, Lovato was sentenced to a two-year period of confinement, and she appeals. Her contention here is focused upon one of the District Court's instructions to the jury, an instruction argued by Lovato to have been grievously erroneous and necessarily to have operated to her prejudice. The challenged instruction, *inter alia*, authorized the jury to convict Lovato of aiding and abetting the robbery even though she may not have known that a robbery was planned or had occurred. While we conclude that another portion of the instruction was erroneous, the giving of the instruction was not prejudicial in the case at hand; hence, we affirm.

Briefly summarizing the facts, we note first that Buentiempo had been convicted of bank robbery in 1980 and, after serving over two years in prison, was released and began the planning of another robbery. He had periodically lived with Lovato for about nine years, commencing around 1974, and they were the parents of one child.

When he was released from prison on July 7, 1983, he moved into a room with Lovato in the home of the latter's parents, and, on the night before the later robbery, that now involved, he had borrowed a loaded weapon from a friend and kept it in the room shared by him and Lovato.

On September 13, 1983, Buentiempo entered the savings and loan association, threatened a customer and a teller with the weapon, demanded and received nearly $2000 from the teller, and fled the building. Outside, a "dye pack" included with the money exploded, whereupon Buentiempo threw away the "dye pack," ran through a shopping center and a parking lot, and leaped into a vehicle operated by Lovato. The vehicle had been observed by a spectator who described it, a police chase ensued, and the automobile and its occupants apprehended. Lovato was subsequently interviewed by investigating officers after having received her so-called *Miranda* rights. She did not incriminate herself in any way. She denied any knowledge of Buentiempo's possession of a gun or his alleged plan for a robbery. She explained that Buentiempo left the car when it became temporarily disabled in the parking lot and that when he returned, partly dirtied by a red substance, she complied with his demand that she immediately drive away.

Buentiempo testified as a witness in Lovato's behalf, fully corroborating her recitals that she knew nothing of a gun or a planned robbery.

Included in the court's instructions to the jury was the following:

"Therefore, if the evidence proves beyond a reasonable doubt that ... Lovato knowingly, intentionally and willfully aided the robber in leaving the scene of the robbery *with stolen money from the Great Western Savings and Loan,* then defendant Lovato is guilty of the offense of robbery of Great Western Savings and Loan *even if you believe she did not know the robbery of the savings and*

*loan was going to take place while she waited in her car."* [1] (Emphasis supplied.)

It is immediately apparent that the instruction contained one vital imperfection. It would have allowed for Lovato's conviction of the "offense of robbery" on September 13, 1983, even if Lovato had no advance knowledge of the robbery, if she aided Buentiempo in leaving the scene with stolen money from the association, even if the money had been stolen many years before or at any time before the time of the robbery on September 13th.

Viewing the instruction in the context of the established facts here, however, it is obvious that the jury could not have been confused and, in its reference to stolen money, the instruction clearly related to money stolen in the robbery of September 13th. Had there been any suggestion whatsoever that Lovato aided the robber in leaving the scene with savings and loan money stolen at some time other than September 13th, the instruction, as we have explained, would have been erroneously prejudicial to Lovato, and her conviction of aiding and abetting the specific robbery of September 13th could not stand. Henceforth, the instruction should be more accurately phrased by amending the instruction's first italicized portion to read something like "with money just immediately stolen from [the victimized institution]."

AFFIRMED.

---

1. The genesis of the instruction would appear to be *United States v. Jarboe,* 513 F.2d 33 (8th Cir.), *cert. denied,* 423 U.S. 849, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975).