**The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**Kakio SUGIYAMA, a/k/a Keiki Sugiyama, Defendant-Appellant.**

No. 87-1075.

United States Court of Appeals, Ninth Circuit.

Oct. 31, 1988.

Before ALDISERT,* SKOPIL and SCHROEDER, Circuit Judges.

---

* Honorable Ruggero J. Aldisert, Senior United States Court of Appeals Judge for the Third Circuit, sitting by designation.

## ORDER ON PETITION FOR REHEARING

The majority of the panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.

In denying the petition for rehearing, the panel majority observes that the majority opinion makes no determination as to whether the customs laws enforced were those of Guam statutes or statutes of the United States. *The People of the Territory of Guam v. Sugiyama,* 846 F.2d 570, 573 (9th Cir.1988).

The fourth sentence of the first full paragraph on page 572 of the published opinion is amended to provide as follows: "In 1985 Rota was part of the Trust Territory of the Pacific Islands as was Palau."

SKOPIL, Circuit Judge, dissenting:

I disagree that the majority opinion as it currently reads does not decide that Guam enforces United States customs laws. *See The People of the Territory of Guam v. Sugiyama,* 846 F.2d 570, 571 (9th Cir.1988). Moreover, I believe it is impossible to properly decide this case without first resolving what law applies. If United States customs laws apply, the court must address whether Guam's officials possess the authority to conduct the searches in question. *See United States v. Sandoval Vargas,* 854 F.2d 1132, 1136 (9th Cir.1988) (special statutory delegation of authority to conduct searches is given to a limited group of officials); *United States v. Soto–Soto,* 598 F.2d 545, 549–50 (9th Cir.1979) (same). If Guam is enforcing its own customs law, it is necessary to determine whether Guamanian law authorizes the searches. *See Sugiyama,* 846 F.2d at 573 & n. 2 (Skopil, J.,

concurring). Rehearing should be granted to resolve the issue.