UNITED STATES of America,
Plaintiff–Appellee,

v.

Joan Joyce URRUTIA, Cheryl Ann
Maestas, Defendants–Appellants.

Nos. 89–50024, 89–50096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1989.

Decided Feb. 28, 1990.

Frank M. Murphy, III, San Diego, Cal., for defendant-appellant Joan Joyce Urrutia.

Kenneth W. Brooks, San Diego, Cal., for defendant-appellant Cheryl Ann Maestas.

William Braniff, U.S. Atty., San Diego, Cal., for plaintiff-appellee.

Before BROWNING, FERGUSON and REINHARDT, Circuit Judges.

PER CURIAM:

Following jury convictions for several counts of security and bank fraud, Joan Joyce Urrutia and Cheryl Ann Maestas were sentenced to twelve and ten years, respectively. Urrutia and Maestas now ap-

peal their convictions and several of the district court's rulings on various motions.

## I

### Count 10 of the Indictment

The appellants were charged with violating the second paragraph of 18 U.S.C. § 2113(a),[1] which reads in pertinent part, "Whoever enters or attempts to enter any bank ... with intent to commit in such bank ... *any felony affecting such bank* ... and in violation of *any statute of the United States, or any larceny* ... [s]hall be fined not more than $5,000 or imprisoned not more than twenty years, or both." 18 U.S.C. § 2113(a) (1984) (emphasis added). The appellants argue that the "larceny" part of section 2113(a) is inapplicable to them because under that statute "larceny" requires the common-law elements of taking and carrying away. The question presented by the appellants' argument is one of statutory interpretation which is reviewed *de novo*. *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir.), *cert. denied*, 484 U.S. 856, 108 S.Ct. 164, 98 L.Ed.2d 118 (1987).

■ According to the appellants, the indictment does not charge them with coming into physical possession of the $30,000 so that they could take it and remove it from the bank and thus commit larceny. This argument fails. In the first place, section 2113(a) does not require a taking and carrying away. Furthermore, our circuit has held that conduct identical to that of appellants satisfies the "taking and carrying away" requirement of subsection (b) of that same statute, 18 U.S.C. § 2113(b). In *United States v. Morgan*, 805 F.2d 1372 (9th Cir.1986), *cert. denied*, 480 U.S. 949, 107 S.Ct. 1612, 94 L.Ed.2d 797 (1987), the defendants caused a federally insured institution to transfer funds from a third party's legitimate account by wiring them to a fraudulent account at an uninsured bank.

Like Urrutia and Maestas, the *Morgan* defendants argued that there was no "taking and carrying away." The court concluded that the defendants' argument "ignores the legal effect of the evidence showing that [the bank's] employees and agents were induced to transfer $1 million in their care, custody, control, and management solely because [one defendant] falsely identified himself...." *Morgan*, 805 F.2d at 1375. The appellants' arguments about taking and carrying away fail for the same reason.

■ The appellants also argue that Count 10 of the indictment improperly charged a violation of section 2113(a) because the conduct charged in that count also violates 18 U.S.C. § 1344, the bank fraud statute. They argue that Congress intended section 1344 and section 2113 to be mutually exclusive. Initially, we note that a significant distinction between section 1344 and section 2113(a) is that section 2113(a) requires an actual or attempted entry into a bank while section 1344 does not. In any case, the appellants' argument is not persuasive. They offer no legislative history or other material suggesting that Congress, by enacting section 1344, intended to modify the statutory meaning of larceny in section 2113(a), or to provide that felonious conduct engaged in after entering a bank may not be prosecuted under section 2113(a) simply because that conduct also constitutes bank fraud. Nor do they point to any case law that supports their argument. Finally, although not necessarily in order of importance, nothing in the statutory language of section 1344 and section 2113(a) gives rise to any inference of mutual exclusivity.

## II

### The Jury Instruction Regarding Intent

The district court gave the following instruction to the jury on Count 10:

---

1. Count 10 of the indictment charges the appellants with knowingly entering the "Lemon Grove Branch of the California First Bank with intent to commit at such bank a felony affecting such bank ... and a larceny," in violation of 18 U.S.C. § 2113(a). The specific acts constituting the "felony" and "larceny" in Count 10 are alleged in Count 1 under the "overt acts," num-

bers 9, 10, and 11. The specific acts, as charged in the superseding indictment, indicate that Maestas and Urrutia conspired for Urrutia to enter California First, to represent herself to be Lily McAllister, and to forge that name on a document directing the bank to transfer $30,000 from an account at the bank to another account at Dean Witter Reynolds.

In order for a defendant to be found guilty of this offense, the Government must prove each of the following three elements beyond a reasonable doubt. First, that Defendant entered California First Bank on or about the date alleged ... Third, that at the time of entry, Defendant had the intent to commit the felony or bank fraud or any larceny. The appellants argue that the district court erred by instructing the jury that when the statute reads in the disjunctive and the indictment pleads in the conjunctive, the jury need only find that one of the alternative allegations was proved. In other words, the appellants contend that Count 10 of the indictment charges two separate and distinct offenses (intent to commit a larceny and intent to commit a felony) and that the Government should have been required to prove both. The question of whether a statute contains two separate offenses or merely one offense that may have been committed by different means is one of statutory interpretation which is reviewed *de novo*. *Iannelli v. United States*, 420 U.S. 770, 782, 95 S.Ct. 1284, 1292, 43 L.Ed.2d 616 (1975).

The appellants' argument fails. When a crime is denounced disjunctively in the statute, it may be pled conjunctively in the indictment. *United States v. Miller*, 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985); *United States v. Bonanno*, 852 F.2d 434, 441 (9th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 812, 102 L.Ed.2d 801 (1989). When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt. *Bonanno*, 852 F.2d at 441.

Count 10 charges in the conjunctive, as did the indictment in *Bonanno*. Section 2113(a) and Count 10 concern one act—that of entering a federally insured institution on a specific date. The alternatives in both the statute and the indictment concern the intent at the time of entry. The appellants must have had either intent to commit a felony affecting the bank *or* intent to commit any larceny. Although Count 10 alleg-es that they had both, the statutes requires only an intent to do either.

### III
#### The Jury Instruction Regarding Taking and Carrying Away

The district court instructed the jury that the "taking and carrying away" element of "larceny" within the meaning of 18 U.S.C. § 2113(a) may be satisfied if a defendant induces an innocent third party to wire transfer funds from the bank by trick or false pretenses. The appellants argue that the district court committed reversible error because larceny under section 2113(a) has a narrower meaning than larceny under section 2113(b). The appellants raise a question of statutory interpretation which is reviewed *de novo*. *United States v. Gallardo*, 773 F.2d 1496, 1501 (9th Cir.1985).

The appellants claim that the district court's instruction expanded the term "larceny" beyond its common-law meaning contrary to the intent of Congress. However, the appellants concede that the Supreme Court stated in *Bell v. United States*, 462 U.S. 356, 361, 103 S.Ct. 2398, 2401, 76 L.Ed.2d 638 (1983), that Congress intended section 2113(b) to cover more than common-law larceny. Our circuit has held that "[t]he language of section 2113(b), i.e., 'takes and carries away, with intent to steal or purloin,' defines the common law offense of larceny." *United States v. Bosque*, 691 F.2d 866, 868 (9th Cir.1982). As already noted, we have also held that the conduct in which the appellants engaged constitutes a taking and carrying away within the meaning of section 2113(b). *Morgan*, 805 F.2d at 1375. The appellants have failed to persuade us that the term "larceny" in 18 U.S.C. § 2113(a) excludes their conduct although the terms deemed by our circuit to define "the common law offense of larceny" in section 2113(b) include it. Congress would not seek expansive coverage in the second paragraph of the statute only to revert to a common-law meaning in the first. Furthermore, we fail to see why Congress would limit the coverage of larceny to the traditional "tangible

personal property in the possession of the owner" in the context of a statute protecting banks. The district court did not err in instructing the jury on the definitions of "larceny" and "taking and carrying away."

## IV

### The Sufficiency of the Evidence

■ The appellants argue that the jury's findings of guilt are not supported by sufficient evidence. This argument is without merit. The Government presented substantial evidence in the form of eyewitnesses, handwriting, and fingerprint testimony. The jury could reasonably have concluded that Urrutia entered the bank with intent to carry out the felony or larceny and that both Urrutia and Maestas carried out this activity as part of a joint, calculated scheme. Furthermore, it is well settled in our circuit that a defendant such as Maestas may be convicted of violating 18 U.S.C. § 2113(a) without entering a bank on a theory of either conspiracy or aiding and abetting. *See United States v. Lovato*, 740 F.2d 764 (9th Cir.1984) (getaway car driver properly convicted of aiding and abetting bank robbery); *United States v. Wilson*, 447 F.2d 1, 6 (9th Cir.1971), *cert. denied sub nom. Polk v. United States*, 404 U.S. 1053, 92 S.Ct. 723, 30 L.Ed.2d 742 (1972) (defendant who supplied weapon could be convicted of bank robbery). Maestas's separate argument that there was insufficient evidence to convict her because she was not in the Lemon Grove bank therefore fails.

## V

### The Motion to Sever

■ Appellant Maestas claims that the district court erred in denying her motion for severance. However, Maestas failed to renew her motion for severance at the close of evidence. When a defendant fails to renew a motion for severance at the close of the evidence, the issue is waived. *United States v. Free*, 841 F.2d 321, 324

**2.** The district court may, of course, stay further proceedings regarding the assessments pending

(9th Cir.), *cert. denied*, 486 U.S. 1046, 108 S.Ct. 2042, 100 L.Ed.2d 626 (1988).

## VI

### The Penalty Assessments

■ The appellants were ordered to pay special assessment fees pursuant to 18 U.S.C. § 3013. Our circuit has held that the special assessment violates the origination clause of the Constitution, article I, section 7. *United States v. Munoz–Flores*, 863 F.2d 654 (9th Cir.1988), *cert. granted*, —— U.S. ——, 110 S.Ct. 48, 107 L.Ed.2d 17 (1989). We therefore reverse that part of Urrutia's and Maestas's sentences and remand to the district court to vacate the assessments.[2]

AFFIRMED in part, REVERSED in part, and REMANDED.

the Supreme Court's decision in *Munoz–Flores*.