967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark J. HOBBS, Defendant-Appellant.
 No. 91-30283.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided June 25, 1992.
 
 Before PREGERSON, TROTT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In October of 1988, while within the confines of the Colville reservation, appellant Mark Hobbs shot and killed a whitetail buck deer at night while the deer was illuminated by a 200,000 candlepower spotlight. He and a confederate then transported the deer to Seattle. Hobbs was convicted on one count of violating the Lacey Act, 16 U.S.C. §§ 3371-78 (1988), by acquiring and transporting a buck deer knowing that it was taken and possessed in violation of section 7.3.11 of the Colville Tribal Code, which prohibits the use of artificial lights while hunting game animals. Hobbs timely appealed. We affirm.
 
 
 3
 I. Application of the Lacey Act to the On-Reservation Conduct of Tribal Members
 
 
 4
 We review the district court's construction of the Act, and all other issues of law, de novo. United States v. Thomas, 887 F.2d 1341, 1343 (9th Cir.1989). The Lacey Act provided at the time of the offense that it was unlawful for any person to "import, export, transport, sell, receive, acquire, or purchase any fish or wildlife or plant taken or possessed in violation of any law, treaty, or regulation of the United States or in violation of any Indian tribal law." 16 U.S.C. § 3372(a)(1). Colville Tribal Code § 7.3.11 provides that "[n]o person shall kill, shoot at or pursue any animal from a moving motor vehicle, or shoot at or kill any game animal with the aid of any light or lights attached to such vehicle or by means of an artificial light." Thus, acquiring or transporting a game animal, such as a whitetail deer, Wash.Rev.Code Ann. § 77.08.030 (West Supp.1992), killed on the Colville Reservation with the aid of an artificial light constitutes a violation of the Lacey Act.
 
 
 5
 Hobbs contends that he may not be prosecuted under the Lacey Act because he is an enrolled member of the Colville Confederated Tribes and therefore falls within the purview of the rule that "in the absence of an explicit Congressional directive, Indian tribes have exclusive criminal jurisdiction over offenses committed by one Indian against another Indian." United States v. Jackson, 600 F.2d 1283, 1285 (9th Cir.1979). The Jackson case, upon which Hobbs relies, was not a Lacey Act case, and was explained in United States v. Sohappy, 770 F.2d 816 (9th Cir.1985), cert. denied, 477 U.S. 906 (1986). In Sohappy, we determined that the prohibitions of the Lacey Act apply to tribal members acting within the confines of Indian country as defined in 18 U.S.C. § 1151 (1988). Sohappy controls here. The scope of federal enclave laws, at issue in Jackson, is limited by 18 U.S.C. § 1152 (1988), which provides that such laws are not applicable to offenses "committed by one Indian against the person or property of another Indian." The intra-Indian offense exception in section 1152 does not preclude the application within a reservation of general federal law, regardless of whether either the victim or the defendant is an Indian. United States v. Young, 936 F.2d 1050, 1055 (9th Cir.1991) (affirming a conviction on charges of assaulting a federal officer, possession of a firearm by a convicted felon, and use of a firearm during a crime of violence). Since the Lacey Act is a law of general applicability rather than an enclave law, its reach is not limited by section 1152. Since the Act is designed to "support the web of federal, state and Indian tribal law protecting wildlife," and since wildlife conservation "reflects a concern for the general public welfare," Sohappy, 770 F.2d at 819, the prosecution does not trench on the Colville Tribe's right to self-governance with respect to a purely intramural matter.
 
 II. The Sufficiency of the Indictment
 
 6
 The indictment charged that Hobbs did knowingly "acquire and transport" the deer. Hobbs argues that the government improperly indicted him for "acquir[ing]" the deer, and that the use of this term in the conjunctive with the term "transport" renders the indictment defective or requires that the government prove both the acquisition and the transportation. However, when a statute specifies multiple means by which an offense may be committed, "all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." United States v. Urrutia, 897 F.2d 430, 432 (9th Cir.), cert. denied, 495 U.S. 939 (1990). Thus, if Hobbs may properly be convicted of either acquiring or transporting the deer, the conviction must be affirmed.
 
 
 7
 Hobbs correctly argues that the hunting violation by itself could not be the basis for the Lacey Act violation, under United States v. Carpenter, 933 F.2d 748 (9th Cir.1991). But this case is distinguishable from Carpenter, because Carpenter involved a hunting violation without subsequent acquisition or transportation. Hobbs, unlike the defendant in Carpenter, also transported the deer. Regardless of whether his shooting of the deer could by itself amount to an acquisition under the Lacey Act, Hobbs was properly convicted of violating the Act by transporting the deer.
 
 III. Due Process
 
 8
 Hobbs argues that his conviction violates his rights under the Fifth Amendment Due Process Clause, because a person who is not a member of the tribe and who violates Colville Tribal Code § 7.3.11 would not be subject to prosecution under the Act. But the Lacey Act applies to "any person," not just members of Indian tribes. Likewise the tribal ordinance provided that "no person" could use spotlights to hunt deer. We can see no basis for Hobbs' contention that a non-Indian would be free of the Lacey Act prohibition under which he was convicted. The Lacey Act would apply even without any reservation and without any tribal nexus, under state law. Wash.Rev.Code Ann. §§ 77.16.050, 77.08.030 (West Supp.1992).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3