116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lloyd Dewey RUTHERFORD, Jr., Defendant-Appellant.
 No. 96-35794.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997**
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Eastern District of Washington, D.C. Nos. CV-95-00128-FLV, CR-92-00043-FVS; Fred L. Van Sickle, District Judge, Presiding.
 Before GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Lloyd Dewey Rutherford appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his guilty plea conviction for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).[1] We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Rutherford contends his guilty plea was not knowing and voluntary because the Supreme Court's subsequent decision in Bailey v. United States, 116 S.Ct. 501 (1995), rendered the district court's explanation of the firearms charge, as well as its ascertainment of the factual basis underlying the charge, inadequate. Rutherford's contention lacks merit because "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." United States v. Broce, 488 U.S. 563, 572 (1989). Moreover, at his change of plea hearing, Rutherford specifically admitted that he carried a firearm during the commission of the drug trafficking crime. See United States v. Staples, 85 F.3d 461, 464 (9th Cir.) (upholding guilty plea conviction for carrying firearm where defendant admitted to carrying firearm in relation to drug offense), cert. denied, 117 S.Ct. 318 (1996).[2]
 
 
 4
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rutherford does not challenge his conviction for possessing cocaine with the intent to distribute (21 U.S.C. § 841(a)(1)), the other count to which he pled guilty
 
 
 [2]
 To the extent Rutherford contends the district court was also required to ascertain that he "used" the firearm because the indictment referred to both "use" and "carry," the contention lacks merit. See United States v. Urrutia, 897 F.2d 430, 432 (9th Cir.1990) (holding that when crime is denounced disjunctively in statute it may be pled conjunctively in indictment and proof on either theory will suffice to establish guilt)