119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus Sergio ESTRADA-QUINONEZ, Defendant-Appellant.
 No. 96-16633.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Jesus Sergio Estrada-Quinonez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 1991 guilty plea conviction for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Estrada contends his firearm conviction must be vacated because the Supreme Court's subsequent decision in Bailey v. United States, 116 S.Ct. 501 (1995), rendered his guilty plea invalid since the indictment referred to both "use" and "carry" and the district court failed to ascertain that he "used" the firearm. This contention lacks merit. See United States v. Urrutia, 897 F.2d 430, 432 (9th Cir.1990) (holding that when crime is denounced disjunctively in a statute it may be pled conjunctively in indictment and proof on either theory will suffice to establish guilt).
 
 
 4
 Estrada further contends his guilty plea fails under the Bailey standard because he did not both "use" and "carry" a firearm, as the indictment stated. This contention also lacks merit because "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." United States v. Broce, 488 U.S. 563, 572 (1989). Moreover, our review of the record indicates that at his change of plea hearing, Estrada specifically admitted that he carried a firearm during a marijuana transaction. See United States v. Staples, 85 F.3d 461, 464 (9th Cir.) (upholding guilty plea conviction for carrying firearm where defendant admitted to carrying firearm in relation to drug offense), cert. denied, 117 S.Ct. 318 (1996).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3