124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fidel Damian RODRIGUEZ, Defendant-Appellant.
 No. 96-56853.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Filed Sept. 15, 1997.
 
 Appeal from the United States District Court for the Southern District of California, D.C. Nos. CV-96-00162-IEG, CR-93-00965-3-IEG; Irma E. Gonzalez, District Judge, Presiding.
 Before HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Fidel Damian Rodriguez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 1994 guilty plea conviction for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). We review de novo a district court's decision on a section 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Rodriguez contends his firearm conviction must be vacated because the Supreme Court's subsequent decision in Bailey v. United States, 116 S.Ct. 501 (1995), rendered his guilty plea invalid since the indictment referred to both "use" and "carry" and the district court failed to ascertain that he "used" the firearm. This contention lacks merit. See United States v. Urrutia, 897 F.2d 430, 432 (9th Cir.1990) (holding that when crime is denounced disjunctively in a statute it may be pled conjunctively in indictment and proof on either theory will suffice to establish guilt).
 
 
 4
 Rodriguez also contends his guilty plea was not knowing and voluntary because the district court's explanation of the firearms charge, as well as its ascertainment of the factual basis underlying the charge, was inadequate under Bailey. This contention lacks merit because "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." United States v. Broce, 488 U.S. 563, 572 (1989).
 
 
 5
 Rodriguez further contends that his conviction should be vacated because he did not use or carry a firearm, but rather merely possessed two handguns when he was arrested. Some offenders who would not satisfy the "use" prong of 18 U.S.C. § 924(c)(1) may be brought within the statute's reach under the "carry" prong. See Bailey, 116 S.Ct. at 509; United States v. Hernandez, 80 F.3d 1253, 1257 (9th Cir.1996). "Carrying" a firearm entails transporting the firearm on or about the defendant's person such that it is immediately available for the defendant's use. See Hernandez, 80 F.3d at 1256.
 
 
 6
 Here, Rodriguez concedes in his opening brief that during his arrest at a residence being used as a methamphetamine laboratory, he had two handguns on his person. In a written statement to the court prior to his sentencing hearing, Rodriguez specifically admitted that he carried a firearm during his arrest to serve as protection for himself and the others working at the methamphetamine laboratory. Because this brings him under section 924(c)(1)'s carry prong, his conviction stands regardless of whether he "used" the firearm. See Bailey, 116 S.Ct. at 509; Hernandez, 80 F.3d at 1256-57. See also United States v. Staples, 85 F.3d 461, 464 (9th Cir.) (upholding guilty plea conviction where defendant admitted to carrying firearm in relation to drug offense), cert. denied, 117 S.Ct. 318 (1996).
 
 
 7
 Accordingly, the district court's decision is
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3