**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James CABACCANG, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Richard T. Cabaccang, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Roy Toves Cabaccang, Defendant–Appellant.**

No. 98–10159, 98–10195, 98–10203.
D.C. No. CR–97–00095–3–JSU.
D.C. No. CR–97–00095–1–JSU.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Submission Withdrawn May 22, 2001.

Resubmitted in part July 5, 2001 *.

* We resubmit this case on all issues other than those under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Before FERNANDEZ, KLEINFELD,
Circuit Judges, and MOSKOWITZ,**

---

** The Honorable Barry T. Moskowitz, District     Judge for the Southern District of California,

District Judge.

## ORDER RESUBMITTING IN PART

This case was submitted on March 12, 2001, and withdrawn from submission on May 22, 2001. We now resubmit the case on all issues other than those under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

## MEMORANDUM ***

In this consolidated appeal, Roy Cabaccang, James Cabaccang, and Richard Cabaccang appeal their convictions and sentences arising out of a drug conspiracy.[1]

(1) Roy, James, and Richard argue that their convictions resting on the element of importation should be reversed because the district court erred by not instructing the jury on importation for each count that required it pursuant to 21 U.S.C. § 952(a), and when the court did instruct the jury on importation, it did so incorrectly. We disagree.

■ First, we have clearly declared that transporting drugs from one point in the United States to another through or over international waters constitutes importation. *See Guam v. Sugiyama,* 846 F.2d 570, 572, *amended by* 859 F.2d 1428 (9th Cir.1988); *United States v. Perez,* 776 F.2d 797, 800 (9th Cir.1985). Thus, there is importation when controlled substances enter Guam by an airplane flight from Honolulu, Hawaii. The district court did not err.

■ Second, the instructions, taken as a whole, were adequate to guide the jury.

*See United States v. Tagalicud,* 84 F.3d 1180, 1183 (9th Cir.1996). The court informed the jury of the definition of importation, stated which counts required a finding of importation, and explained that all of the instructions applied to each count unless otherwise indicated.

■ (2) James and Richard assert that the district court incorrectly instructed the jury on the requirements of conspiracy.[2] The district court used the language of Instruction 8.5.1 and 8.5.3 of the Ninth Circuit's Model Criminal Jury Instructions. *See* 9th Cir.Crim. Jury Instrs. 8.5.1, 8.5.3 (1997). Those instructions correctly stated the elements of conspiracy in accordance with the law of this Circuit. *United States v. Montgomery,* 150 F.3d 983, 997–98 (9th Cir.1998); *United States v. Vaandering,* 50 F.3d 696, 702 (9th Cir.1995). There was no error.

■ (3) James and Richard complain that their convictions for conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, conspiring to import methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960, and 963, and conspiring to launder money instruments, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (a)(1)(B)(ii), and (h) are multiplicitous, and thus violative of the Double Jeopardy Clause of the Fifth Amendment. This argument fails as each conspiracy count has a different end: distribution, importation, and money laundering respectively. *Albernaz v. United States,* 450 U.S. 333, 339, 101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981); *see also*

---

sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. For simplicity, the members of the Cabaccang family will be referred to only by their first names.

2. Because the instructions were not objected to, our review is for plain error. *See United States v. Garcia–Guizar,* 160 F.3d 511, 522–23 (9th Cir.1998).

*United States v. Arlt,* 252 F.3d 1032 (9th Cir.2001) (en banc). As a result, "each provision requires proof of an additional fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

■ (4) James and Richard contend that there was not sufficient evidence to support their convictions on the conspiracy counts and that the jury could only find them guilty based on the spillover of evidence admitted against Roy.[3] However, we have carefully reviewed the record; the evidence is more than sufficient. *See United States v. Hubbard,* 96 F.3d 1223, 1226 (9th Cir.1996); *United States v. Melchor–Lopez,* 627 F.2d 886, 891 (9th Cir. 1980). Furthermore, the jury instructions took particular care to remove any spillover effect. *See Wade v. Calderon,* 29 F.3d 1312, 1321 (9th Cir.1994). There was no error.

■ (5) James and Richard assert, without record references, or substantial argument, that the evidence and jury instructions resulted in a constructive amendment of the conspiracy charges in Count II and Count III of the indictment. The argument does not meet the standards of the appellate rules. *See* Fed. R.App. P. 28(a). Issues not supported by proper briefing are deemed abandoned. *See United States v. Fiorillo,* 186 F.3d 1136, 1156 n. 33 (9th Cir.1999); *Leer v. Murphy,* 844 F.2d 628, 634 (9th Cir.1988); *United*

*States v. Loya,* 807 F.2d 1483, 1486–87 (9th Cir.1987); *cf. Han v. Stanford Univ.,* 210 F.3d 1038, 1040 (9th Cir.2000); *N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145, 1146 (9th Cir.1997). We perceive no manifest injustice wrought by our failure to take these issues up,[4] and we decline to consider them. With little more, they also assert that there was a constructive amendment of Count IV. We have considered that argument and disagree.[5] In the first place, the fact that the indictment pled in the conjunctive while the instructions were in the disjunctive, does not constitute a constructive amendment or variance. *See United States v. Urrutia,* 897 F.2d 430, 432 (9th Cir.1990); *United States v. Bettencourt,* 614 F.2d 214, 219 (9th Cir.1980). Secondly, the mere fact that evidence which supported a finding of guilt on the charged crime could also point to still another crime is not sufficient to constitute a variance of any kind. *See United States v. Homick,* 964 F.2d 899, 907 (9th Cir.1992); *see also United States v. Cusimano,* 148 F.3d 824, 829 (7th Cir. 1998).

■ (6) Roy takes issue with the district court's refusal to suppress evidence found in a briefcase pursuant to a warrantless search. However, the officers had probable cause to search the briefcase after discovering that various containers in the car carried contraband or weapons.[6] *See California v. Acevedo,* 500 U.S. 565,

---

3. Because no motion for acquittal was made at trial, our review is for plain error. *See United States v. Carpenter,* 95 F.3d 773, 775 (9th Cir.1996).

4. At most, the conspiracy instruction regarding Count II made the government's burden of persuasion more difficult. *See United States v. Diaz,* 190 F.3d 1247, 1262 (11th Cir.1999); *United States v. Montiell,* 526 F.2d 1008, 1011 (2d Cir.1975). And, as to Count III, inclusion of attempt language did not actually amend the indictment. *See Simpson*

*v. United States,* 195 F.2d 721, 723–24 (9th Cir.1952).

5. Because the issue was not raised at trial, our review is for plain error. *See United States v. Shipsey,* 190 F.3d 1081, 1085 (9th Cir.1999).

6. Because Roy does not have standing to contest the stop, he can only argue that there was not probable cause to search his briefcase, assuming a legitimate stop. *United States v. Parr,* 843 F.2d 1228, 1232 (9th Cir.1988).

580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991); *United States v. Ross,* 456 U.S. 798, 809, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982); *United States v. Rambo,* 74 F.3d 948, 953 (9th Cir.1996).

■ (7) Richard takes issue with the explanation the district court offered for imposing a sentence at the high-end of the guideline range. However, the district court, pursuant to 18 U.S.C. § 3553(c)(1), made "a statement in open court that expressly consider[ed] the sentencing factors set forth in 18 U.S.C. § 3553(a)." *United States v. Price,* 51 F.3d 175, 178 (9th Cir. 1995). While a richer explanation for a life sentence would have been desirable, the statement adequately articulated the district court's rationale within the confines required by law.

■ (8) Richard claims that his counsel was ineffective based on her failure to make objections or arguments against the conclusions in Richard's Presentencing Report. This kind of claim should usually be left for a 28 U.S.C. § 2255 proceeding where evidence can be taken on the subject. *United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1996). We see no reason to deviate from the usual practice.

AFFIRMED on all issues discussed in this disposition.