**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario PORTILLO–MENDOZA,**
**Defendant–Appellant.**

**No. 00–10407.**

**D.C. No. CR–00–00215–SMM.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 4, 2001 *.

Decided Dec. 17, 2001.

Before PREGERSON, FERGUSON, HAWKINS, Circuit Judges.

MEMORANDUM **

Appellant Mario Portillo–Mendoza appeals his conviction for illegal reentry after

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

being previously deported or removed pursuant to 8 U.S.C. § 1326(a). The facts of this case are set forth in the concurrently published opinion in *United States v. Portillo–Mendoza,* 2001 WL 1631857 (9th Cir. 2001), in which we remanded the case for resentencing. Here we consider the other challenges Portillo–Mendoza raises to his conviction. None are meritorious.

■ Section 1326(a)(2) attaches penalties to any previously deported alien who "enters, attempts to enter, or is at any time found in, the United States." Portillo–Mendoza was charged with entering, attempting to enter, and being found in the United States. He maintains that this indictment was duplicitous. An indictment may charge conjunctively actions that are separate ways of committing the same crime and that a statute describes in the disjunctive. *See United States v. Urrutia,* 897 F.2d 430, 432 (9th Cir.1990); *United States v. Hobson,* 519 F.2d 765, 773 (9th Cir.1975). The indictment was not duplicitous.

■ Section 1326 applies to aliens who have "been denied admission, excluded, deported, or removed or [have] departed the United States while an order of exclusion, deportation, or removal is outstanding." 8 U.S.C. § 1326(a)(1). The Order to Reinstate Portillo–Mendoza's prior deportation is a "removal" as defined by the statute and regulations. *See, e.g.,* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8(a). As an alien who had been previously deported, Portillo–Mendoza was not entitled to a hearing before an Immigration Judge. 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8.

Appellant was removed subsequent to his conviction. *See* U.S. Sentencing Guidelines § 2L1.2 application notes. The 1999 administrative action concluded with a fi-

nal order announcing that Portillo–Mendoza was "subject to removal/deportation from the United States" pursuant to the reinstatement of the previous order. This "Warrant of Removal" was a new, dated removal that was issued subsequent to Appellant's DUI convictions and pursuant to 8 U.S.C. § 1231 and 8 C.F.R. § 241.2.

Congress authorized and mandated all of the sentencing guidelines applied in this case. *See* 8 U.S.C. § 1326; 8 U.S.C. § 1101; U.S. Sentencing Guidelines § 2L1.2 cmt. statutory provision. Portillo–Mendoza's other challenges to his sentencing enhancement are foreclosed by the Supreme Court decision in *Almendarez–Torres v. United States,* 523 U.S. 224, 239–42, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and our recent decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 412 (9th Cir.2000).

We REVERSE and REMAND for resentencing for reasons set out in our accompanying opinion. The District Court is AFFIRMED in all other respects.